UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant. | Case No. 22-cv-05372-KAW<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 25 |

    Plaintiff brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Following the Court's remand of the case for further proceedings, the Commissioner granted Plaintiff's application for benefits, entitling Plaintiff to $113,643.00 in retroactive benefits. (Mot. for Attorney's Fees at 1, Dkt. No. 25; *see also* Exh. 3.) Plaintiff's counsel, Katherine Siegfried, now brings a motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), seeking an award of $28,410.75. (Mot. for Attorney's Fees at 1.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

## I.　BACKGROUND

    On January 17, 2020, Plaintiff applied for Title II benefits. (Administrative Record ("AR") 56.) The Social Security Administration ("SSA") denied Plaintiff's application, and on September 21, 2022, Plaintiff commenced an action for judicial review pursuant to 42 U.S.C. § 405(g). On October 17, 2023, the Court granted Plaintiff's motion for summary judgment and remanded for further proceedings. (Dkt. No. 21 at 7.) On December 27, 2023, the parties stipulated to the payment of attorney's fees and costs under the Equal Access to Justice Act

1   ("EAJA") in the amount of $10,500.00.  (Dkt. No. 23.)  The $10,500.00 was received by counsel.
2   (*See* Mot. for Attorney's Fees at 3.)
3       On December 12, 2024, Plaintiff's counsel filed the instant motion for attorney's fees,
4   seeking a fee of $28,410.75 (25% of the retroactive benefits).  (Mot. for Attorney's Fees at 1.)
5   Plaintiff's counsel's request is based on a contingent fee agreement with Plaintiff that permits
6   Plaintiff's counsel to seek 25% of past-due benefits for work performed before the courts.  (Mot.
7   for Attorney's Fees, Exh. 4.)  The Commissioner filed a response on December 17, 2024, taking
8   no position on the reasonableness of the request.  (Def.'s Resp. at 4, Dkt. No. 36.)  No reply was
9   filed, nor were any objections received from individual Plaintiff.

## II.     LEGAL STANDARD

42 U.S.C. § 1383(d) governs the payment of representative fees for Supplemental Security Income benefits.  These regulations track those for the award of attorney's fees under 42 U.S.C. § 406.  42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 206 [42 U.S.C. § 406] . . . shall apply to this part").

42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  42 U.S.C. § 406(b)(1)(A).  When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for reasonableness."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'"  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Id.*  While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee.  *Id.*

## III.    DISCUSSION

Plaintiff signed a contingent fee agreement in which Plaintiff agreed to pay "up to twenty-five (25%) of all back benefits awarded in my case."  (Mot. for Attorney's Fees, Exh. 4 at 1.)

2

1  Plaintiff's counsel seeks $28,410.75 or 25% of the $113,643.00 awarded to Plaintiff in past-due
2  benefits. (Mot. for Attorney's Fees at 1.)
3        The Court finds that the amount sought by Plaintiff's counsel is reasonable. First, the
4  results obtained by Plaintiff's counsel were good, as the Court ordered that the case be remanded
5  for further proceedings, resulting in the award of benefits to Plaintiff. (*See* Dkt. No. 22.) Second,
6  the record reveals no undue delay or substandard performance that would warrant a downward
7  adjustment. Plaintiff's counsel requested only one extension of time for thirty days. (Dkt. No.
8  11.)
9        Third, the amount sought is consistent with the cap set by Congress in § 406(b) and is not
10 disproportionate to the time spent by Plaintiff's counsel in this action. Plaintiff's counsel spent
11 46.35 hours on this case, for an effective rate of $612.96. (Mot. for Attorney's Fees, Exh. 2.) This
12 rate is comparable with rates awarded by other courts in this district. *Compare with Goodbar v.*
13 *Colvin*, Case No. 11-cv-4572-SI, 2015 U.S. Dist. LEXIS 149980, at *4 (N.D. Cal. Nov. 2, 2015)
14 (approving effective hourly rate of $772.09); *see also Crawford*, 586 F.3d at 1153 (affirming
15 reasonableness of effectively hourly rates of $519, $875, and $902). Further, the Ninth Circuit has
16 recognized that in assessing reasonableness, the court should not start with the lodestar method
17 because "the lodestar method tends to under-compensate attorneys for the risk they undertook in
18 representing their clients and does not account for the fact that the statute limits attorneys' fees to
19 a percentage of past-due benefits and allows no recovery from future benefits, which may far
20 exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. While the case involves
21 over three years of backpay, there is no indication that Plaintiff's counsel was responsible for the
22 delay. Thus, considering the three *Crawford* factors, the Court finds that the amount sought by
23 Plaintiff's counsel is reasonable.
24 ///
25 ///
26 ///
27 ///
28 ///

United States District Court
Northern District of California

**IV.   CONCLUSION**

For the reasons stated above, the motion for attorney's fees is GRANTED. The Court awards fees in the amount of $28,410.75. Plaintiff's counsel shall refund to Plaintiff the $10,500.00 in EAJA fees that Plaintiff's counsel previously received.

IT IS SO ORDERED.

Dated: January 10, 2025

KANDIS A. WESTMORE
United States Magistrate Judge